IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST NATIONAL BANK OF PENNSYLVANIA | ) ) ) | |
| Plaintiff | ) ) | Civil Action No. 4:17-cv-01267 |
| v. | ) ) | U.S. Magistrate Judge George J. Limbert |
| QUAKER MFG. CORP.; QUAKER ENTERPRISES LLC; AND QUAKER INTERNATIONAL SALES CORP., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter came on for hearing on October 10, 2017 to consider confirmation of the private sale of certain real property by Compass Advisory Partners, LLC, in its capacity as receiver (the "Receiver"). On September 18, 2017, the Receiver filed a Motion to: (1) Authorize the Private Sale of Real Property, and Alternative Public Sale of Real Property; (2) Approve Procedure for Private Sale; (3) Approve Procedure for Public Sale; (4) Approve Form and Manner of Notice of Private or Public Sale; and (5) Set Dates for Hearings to Confirm the Private or Public Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances; and Request for Expedited Consideration of said Motion (the "Motion") [Doc. # 20].[1] On September 19, 2017, this Court issued a Memorandum and Order [Doc. # 25] granting the Motion and setting the matter for hearing on October 10, 2017 to consider and confirm the private sale.

---
[1] Exhibits to the Motion for filed separately as Doc. # 21 – 24.

No formal written objections in opposition to the Motion or to the confirmation of the private sale of the real property known as 187 Georgetown Road, Salem, Ohio 44460 (the "Real Property"), as further described in Exhibit B to the Motion, have been filed.

Based upon the Motion, the record, and the evidence presented to the Court, the Court finds that: (1) Compco Quaker Mfg., Inc. ("Purchaser") has agreed to purchase the Real Property upon the terms set forth in purchase agreement attached to the Motion as Exhibit D (the "Purchase Agreement"); (2) the best interests of the estate will be conserved by the private sale of the Real Property to Purchaser on the terms set forth in the Purchase Agreement; (3) the Real Property was appraised by three disinterested appraisers, and the average appraised value is $2,876,666.67; (4) the purchase price for the Real Property exceeds two-thirds of the average appraised value of the Real Property; (5) the Receiver published notice of the private sale as required by prior orders of this Court; (6) no bona fide offers were submitted to the Receiver within the time period required by prior orders of this Court; and (7) in all respects the private sale of the Real Property to Purchaser was conducted in accordance with law and the prior orders of this Court, including but not limited to the procedures for the sale and the form and manner of notice of the sale.

Based upon the Motion, the hearing, and the record, it is hereby ordered:

1. Proper, timely, adequate and sufficient notice of the private sale and of the hearing on confirmation of the sale has been provided.
2. A reasonable opportunity to object and be heard has been afforded to all parties in interest.

3. The consideration provided by the Purchaser in the Purchase Agreement is fair and reasonable, and will provide a greater recovery to the receivership estate than any other available alternative.

4. The sale of the Real Property to Purchaser on the terms of this Order will be a legal, valid and effective transfer, and will vest in Purchaser all right, title and interest of the Defendants to the Real Property free and clear of all claims and interests including, but not limited to, those of Plaintiff First National Bank of Pennsylvania ("FNB") and those relating to taxes arising under or out of, in connection with, or in any way relating to the operation of Defendants' businesses prior to the closing date of the consummation of the sale under the Purchase Agreement.

5. The Receiver may sell the Real Property pursuant to this Order and the Receiver's Motion free and clear of all claims and interests of any kind or nature whatsoever, with any such interests transferring from the Real Property to the proceeds of the sale thereof.

6. Purchaser would not consummate the transaction contemplated by the Purchase Agreement, thus adversely affecting the Defendants, the receivership estate, and the Defendants' creditors, if the sale of the assets was not free and clear of all claims and interests of any kind or nature whatsoever.

7. As of June 20, 2017, the date of the Order Appointing Receiver [Doc. #16], the first and best and only lien on the assets appears to be that of FNB, which has a balance due in excess of $2,100,000.00. FNB has not objected to the sale of the Real Property by the Receiver under the Purchase Agreement.

8. The consummation of the Purchase Agreement and of the transactions contemplated thereby is in the best interests of the Defendants' creditors and the receivership estate.

Good and sufficient justification has been established for consummating the sale of the Real Property pursuant to the terms of the Purchase Agreement, which are fair and reasonable, as is the $2,100,000.00 purchase price, net of the lease payments, if any, made from Purchaser to the Receiver for the months of August 2017 and September 2017, which would amount to a net purchase price of $2,070,000.00, which is more than 71% of the average appraised value of the Real Property.

9. The immediate sale of the Real Property to Purchaser will generate the highest potential price for the Real Property, and any further delay diminishes the value likely to be received for the assets by the receivership estate.

10. The Purchase Agreement was negotiated, proposed and agreed to by the Receiver and the Purchaser, without objection of FNB, and was the result of arms-length bargaining, with the parties having acted in good faith. No cause exists for the sale to be avoided.

11. It is hereby ordered that the Receiver's Motion is granted and the Receiver's sale of the Real Property pursuant to the Purchase Agreement, transferring the Real Property to Purchaser for the sum of $2,100,000.00, net of the lease payments, if any, made from Purchaser to the Receiver for the months of August 2017 and September 2017, is approved.

12. It is further ordered that the Receiver is authorized and empowered to perform, consummate and implement the Purchase Agreement, pursuant to and in accordance with the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to consummate the sale of the assets pursuant thereto, and to take all further actions as may be reasonably requested by the Purchaser for the purpose of selling, signing, transferring, granting, conveying and

confirming to the Purchaser, title in and to the Real Property sold pursuant to the Purchase Agreement, free and clear of all claims and interests whatsoever.

13. It is further ordered, that subject to the terms and conditions of the Purchase Agreement, Purchaser, shall execute all instruments and documents and perform all of its obligations under the Purchase Agreement and this Order, including, without limitation, payment of the $2,100,000.00 purchase price, net of the lease payments, if any, made from Purchaser to the Receiver for the months of August 2017 and September 2017.

14. It is further ordered that the $2,100,000.00 purchase price, net of the lease payments, if any, made from Purchaser to the Receiver for the months of August 2017 and September 2017, to be paid by Purchaser for the sale and transfer of the subject assets under the terms of the Purchase Agreement constitutes reasonably equivalent value and fair consideration under the laws of the United States, and any state, territory, possession or district therein.

15. It is further ordered that the reversal and/or modification on appeal of this Order shall not affect the validity of the sale of the Real Property to Purchaser, unless such sale and this Order are duly stayed pending appeal.

16. It is further ordered that the Defendants' interests in the Real Property shall be, as of the closing date, transferred to and invested in Purchaser, and this Order, upon the closing of the sale pursuant to the Purchase Agreement, shall be considered and constitute for any purposes a full and complete general assignment, conveyance and transfer of the Real Property covered by the Purchase Agreement.

17. It is further ordered that upon closing of the Purchase Agreement, the Real Property shall be transferred to Purchaser free and clear of any and all liens, claims, encumbrances, or

interests of any kind whatsoever, including, but not limited to, liens, claims, rights or encumbrances of FNB or of any governmental authority or entity. Such transfer free and clear of interests shall include, without limitation, any personal property taxes or similar ad valorem obligations levied with respect to any of the Real Property for any period of time concluded prior to the closing of the Purchase Agreement, with any lien, claim, encumbrance or interest attaching solely to the proceeds of the sale.

18. It is further ordered that Purchaser has not assumed, and shall not be deemed to have assumed any liabilities or obligations of the Defendants and the Receiver whatsoever, and/or relating to the Defendants' Real Property, except as expressly provided for in the Purchase Agreement. Purchaser is not a successor to the Defendants, the Receiver, or the receivership estate and Purchaser shall have no responsibility whatsoever for the liabilities or obligations of any of them, unless such liabilities or obligations are expressly assumed by the Purchaser in the Purchase Agreement.

19. It is further ordered that if FNB, or any other person or entity that has filed financing statements, assignments, security agreements, or other documents or agreements evidencing liens or other interests in the Real Property, does not file appropriate releases or termination statements thereof, then the Receiver is hereby authorized to execute and file such termination statements or releases, which shall, once filed or otherwise recorded, constitute conclusive evidence of the release of any such interests in the Real Property.

20. It is further ordered that the Receiver pay to FNB the net sale proceeds, after payment of real estate taxes due and ordinary and necessary closing costs, to be applied to the outstanding debt owed to FNB by Defendants.

21. It is further ordered that this Court retain jurisdiction to enforce and implement the terms and provisions of the Purchase Agreement, to resolve any disputes, controversies or claims arising out of or relating to the Purchase Agreement and/or this Order, and to interpret, implement and enforce the provisions of this Order.

22. It is further ordered that if Purchaser fails to close on the sale in accordance with the Purchase Agreement, the Receiver is authorized to sell the Real Property at a public sale in accordance with the public sale procedures set forth in the Motion.

23. It is further ordered that the Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by mutual agreement of the Receiver and Purchaser without further order of the Court, provided that any such modification, amendment or supplement is consented to by FNB or does not materially affect any rights of FNB.

24. This Order shall be binding on all of the Defendants' creditors. To the extent that anything in this Order explicitly conflicts with a provision of the Purchase Agreement, this Order shall govern.

25. It is further ordered that this Order is a final order, and there is no just reason for delay in the implementation of this Order.

Dated this 11th day of October, 2017.    /s/George J. Limbert
                                         GEORGE J. LIMBERT
                                         U.S. MAGISTRATE JUDGE